IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED

**August 6, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**CHRISTOPHER S.,**
**Plaintiff Below, Petitioner**

**v.) No. 25-ICA-351**    (Fam. Ct. Kanawha Cnty. Case No. FC-20-2025-D-649)

**JORDAN L. and JOSHUA W.,**
**Defendants Below, Respondents**

**MEMORANDUM DECISION**

Petitioner Christopher S.[1] appeals the Family Court of Kanawha County's August 25, 2025, order that dismissed his petition for paternity. Respondents Jordan L. and Joshua W. did not participate in this appeal.[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

At the outset, we note that the record on appeal is quite limited. The appendix record reveals that on August 15, 2025, Christopher S. filed a petition in Kanawha County family court seeking a paternity test to establish paternity for minor child B.W., born February 11, 2019. The paternity petition named B.W.'s mother, Jordan L., and Joshua W. as defendants. In his petition, Christopher S. stated,

> Jordan told me that the doctor said she got pregnant on or about 4-20-18, Jordan and I had been seeing each other for days all day for months the last time Jordan and I seen each other was the weekend after my birthday which is 04-11 (Apr. 11th) Jordan also told me that her and Josh had intercourse twice since they met she recalls them dating in late May of 2018.

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See*, *e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Christopher S. is self-represented.

1

The Kanawha County Circuit Clerk's office issued summonses for Jordan L. and Joshua W., and the returns of service were filed as to both defendants.[3]

The family court entered the final order dismissing Christopher S.'s petition on August 25, 2025, before either defendant filed a response to the initial pleading. The court explained its reasoning for the dismissal as follows:

1. That paternity for the minor child was established in a prior case by an order entered on November 26, 2019, in case 19-D-1225.
2. This action for paternity is ***res judicata***.
3. That the Plaintiff Christopher [S.], Jr., is/has been guilty of laches, and that given the passage of time, and the subject child's age, a second paternity determination is not in the subject child's best interest, especially when the same is outside of an original paternity proceeding. **Michael K.T. v. Tina L.T**. 182 W. Va. 399 (1989).
4. For such other reasons that may appear.

It is from this August 25, 2025, order that Christopher S. now appeals.

When reviewing the order of a family court, we apply the following standard of review:

When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Christopher S. argues that the family court erred in dismissing his petition based on his past conduct and B.W.'s age, contending that both reasons are legally and factually insufficient to deny his petition. As to the first issue, Christopher S. claims that he was present and involved in B.W.'s life from the time she was about two years old until Jordan L. removed B.W. from him. He claims that he later discovered that Jordan L.'s parental rights as to B.W. were terminated and that B.W. was placed with her "other

---

[3] The record reflects that the matter was originally assigned to the Honorable Kelly Pritt but was reassigned to the Honorable James Douglas on August 20, 2025, because he was assigned to a previous domestic matter, case No. 19-D-1225, involving Jordan L., Joshua W., and minor child B.W.

2

possible father" Joshua W. Christopher S. asserts that as soon as he became aware of B.W.'s whereabouts, he immediately filed his petition to establish paternity and is fully prepared to assume responsibility as B.W.'s father, if confirmed. Moreover, he asserts that without DNA testing, neither B.W. nor the family court can be certain whether Christopher S. or Joshua W. is B.W.'s biological father. He asserts that B.W. has the right to accurate knowledge of her parentage and that it is in her best interests to definitively establish paternity for her identity, sense of belonging, family connection, knowledge of family medical and genetic history, and to ensure her stability. Furthermore, Christopher S. argues that his personal history and past conduct should not affect the scientific and legal matter of establishing B.W.'s biological parentage. Christopher S. contends that the court's dismissal of his petition based on his conduct serves only to punish B.W. and possibly deny her access to critical information including medical history, genetic risks, and family identity.

Christopher S. also disputes that B.W.'s age makes paternity testing inappropriate, arguing that DNA testing can be performed safely at any age and that there is no statutory age limit on paternity testing in West Virginia. He asserts that West Virginia courts have consistently held that establishing biological parentage serves the best interests of the child, regardless of their age.[4] Accordingly, Christopher S. asks this Court to reverse the family court's dismissal and remand the matter with instructions to order the requested DNA paternity testing.

Upon review, however, we are unable to provide the relief Christopher S. requests. In his brief, Christopher S. challenges the family court's rationale it provided in paragraph three of the August 25, 2025, order. However, Christopher S. failed to address the family court's independent, alternative basis for dismissal set forth in paragraphs one and two of the order, namely, that because B.W.'s paternity was judicially established in case 19-D-1225 by order entered November 26, 2019, the family court declared the instant paternity action res judicata.[5] These determinations were key to the family court's disposition of Christopher S.'s petition and we find that his failure to address them is fatal to his appeal. *See Leadmine Cmty. Church v. W. Va. Ann. Conf. of the United Methodist Church*, No. 24-ICA-475, 2025 WL 2240416, at *3 (W. Va. Ct. App. Aug. 6, 2025) (memorandum decision) (finding no error where petitioner failed to challenge both of lower court's independent grounds for its ruling).

---

[4] Notably, Christopher S. fails to cite to any case law setting forth such holdings in West Virginia jurisprudence.

[5] We decline to address whether the family court's alternative basis for dismissal was in error because Petitioner did not assert error with regard to such alternative basis for dismissal.

Based on the foregoing, we conclude that Christopher S. has not established error by the family court and refrain from disturbing the family court's decision. Accordingly, we affirm its August 25, 2025, order.

Affirmed.

**ISSUED:** August 6, 2026

**CONCURRED IN BY:**

Judge Charles O. Lorensen
Judge S. Ryan White


Chief Judge Daniel W. Greear, not participating